*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY LEGION,

        Plaintiff-Appellant,

UNPUBLISHED
July 27, 2023

v

No. 362306
Court of Claims
LC No. 21-000201-MZ

STATE OF MICHIGAN,

        Defendant-Appellee.

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiff, Anthony Legion, appeals as of right the order of the Court of Claims granting summary disposition to defendant, State of Michigan, under MCR 2.116(C)(10). We affirm.

## I. FACTS

This action arises from plaintiff's claim for compensation under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et. seq.* On October 19, 2001, plaintiff was convicted after a jury trial of first-degree murder and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment for the first-degree murder conviction and two years' imprisonment for the felony-firearm conviction. Plaintiff thereafter pleaded no contest to a separate, unrelated charge of second-degree murder and was sentenced to 8.5 to 20 years in prison for that conviction.

Many years later, plaintiff's convictions for first-degree murder and felony firearm were reviewed by the Wayne County Conviction Integrity Unit. On October 1, 2020, plaintiff's first-degree murder conviction was vacated and the criminal charges were dismissed by the Wayne County Prosecutor's Office. At the time his first-degree murder conviction was vacated, plaintiff was imprisoned serving his concurrent sentence for second-degree murder.

Plaintiff initiated this lawsuit against defendant under the WICA, seeking compensation for wrongful imprisonment. The Court of Claims issued a scheduling order on November 5, 2021, ordering that discovery was to be completed on or before August 4, 2022. On May 3, 2022,

defendant moved for summary disposition under MCR 2.116(C)(10), contending that plaintiff was not entitled to compensation under the WICA because he did not serve any prison time exclusively on the first-degree murder conviction. The Court of Claims granted defendant's motion on the basis that the WICA does not provide for compensation to a plaintiff serving a valid concurrent sentence. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the Court of Claims erred by granting defendant summary disposition under MCR 2.116(C)(10) before the close of discovery. We disagree.

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's claim and is properly granted when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. We also review de novo the compensation provisions of the WICA. *Ricks v Michigan*, 507 Mich 387, 396; 968 NW2d 428 (2021).

Generally, summary disposition is premature if granted before discovery is complete on a disputed issue. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 231; 933 NW2d 363 (2019). Nonetheless, summary disposition may be appropriate when further discovery does not stand a fair chance of uncovering factual support for the opposing party's claims. *Id*. The party who asserts that summary disposition is premature "must show that further discovery presents a fair likelihood of uncovering factual support for the party's position." *Mazzola v Deeplands Dev Co LLC*, 329 Mich App 216, 230; 942 NW2d 107 (2019) (quotation marks and citation omitted). "Mere speculation that additional discovery might produce evidentiary support is not sufficient." *Caron v Cranbrook Educ Comm*, 298 Mich App 629, 646; 828 NW2d 99 (2012).

In this case, plaintiff contends that if he had been permitted to conduct discovery, he would have sought to obtain the deposition of a member of the state parole board and that the anticipated testimony would establish that plaintiff likely would have been paroled after serving 8.5 years of his sentence for second-degree murder if he had not also been serving a concurrent sentence for first-degree murder. Plaintiff argues that he therefore would have qualified for compensation under the WICA for any time he spent imprisoned beyond the date of his likely parole. Contrary to plaintiff's contentions, the WICA does not provide compensation for time spent imprisoned for a sentence that is concurrent or consecutive to the sentence for which the plaintiff was wrongfully imprisoned. Under the WICA, a plaintiff is entitled to judgment if the plaintiff proves all of the following:

(a) The plaintiff was convicted of 1 or more crimes under the law of this state, was sentenced to a term of imprisonment in a state correctional facility for the crime or crimes, and served at least part of the sentence.

(b) The plaintiff's judgment of conviction was reversed or vacated and either the charges were dismissed or the plaintiff was determined on retrial to be not guilty. However, the plaintiff is not entitled to compensation under this act if the plaintiff was convicted of another criminal offense arising from the same transaction and either that offense was not dismissed or the plaintiff was convicted of that offense on retrial.

(c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all the charges or a finding of not guilty on all of the charges on retrial.  [MCL 691.1755(1).]

Under MCL 691.1755(2), the court is required to award compensation under the act if the court finds that the plaintiff was wrongfully convicted and imprisoned.  However, MCL 691.1755(4) provides:

Compensation may not be awarded under subsection (2) for any time during which the plaintiff was imprisoned under a concurrent or consecutive sentence for another conviction.

The exception set forth in MCL 691.1755(4) "bars compensation for any time served under a concurrent sentence for another conviction." *Ricks*, 507 Mich at 401.  Discussing the WICA, our Supreme Court observed that the language of a statute "offers the most reliable evidence of the Legislature's intent." *Id*. at 397 (quotation marks and citation omitted).  A review of the language of the WICA reveals that the statute does not provide for consideration of events that may or may not have unfolded "but for" the wrongful conviction, such as the likelihood that the plaintiff may have received parole on another sentence absent the wrongful conviction.  Concluding that the WICA does not provide compensation for time spent in detention before conviction, our Supreme Court stated that "[i]t cannot be disputed that the WICA is intended to compensate only those who were wrongfully imprisoned. Indeed, the act is named the '*wrongful imprisonment* compensation act,' and it is described as an act 'to provide compensation and other relief for individuals *wrongfully imprisoned* for crimes. . .' " *Sanford v Michigan*, 506 Mich 10, 19-20; 954 NW2d 82 (2020).  Thus, "the imprisonment referred to in MCL 691.1755(2) must be 'wrongful.' " *Id*. at 20.

In this case, the Court of Claims determined that granting defendant summary disposition was not premature because discovery could not demonstrate plaintiff's entitlement to compensation under the WICA.  The Court of Claims reasoned, in relevant part:

Legion argues that this result fails to consider the possibility that he may have been released from prison earlier if his wrongful convictions never occurred. He may well be correct, but the Act does not entertain such hypothetical scenarios.

Rather, the Act states that a plaintiff cannot receive compensation "for any time during which the plaintiff was imprisoned under a concurrent or consecutive sentence for another conviction. [MCL 691.1755(4).] The Legislature could have, but did not, add a caveat allowing compensation for potentially unnecessary prison time that resulted from a wrongful conviction. The Legislature's restraint makes sense because it keeps the courts out of situations in which the plaintiff and the State would likely each present conflicting evidence about when the plaintiff may have been released if the wrongful conviction had never occurred. Such a situation would complicate (and conflict with) the compensation process, which awards compensation "from the date the plaintiff was imprisoned until the date the plaintiff was released from prison." MCL 691.1755(2)(a). Like subsection (4), subsection (2)(a) does not entertain hypothetical release dates. These sections are designed to work harmoniously to determine the term of a plaintiff's wrongful imprisonment.

The Court of Claims correctly determined that under MCL 691.1755(4), plaintiff is not entitled to compensation for time spent imprisoned while serving his concurrent sentence for second-degree murder. The parties do not dispute that the time plaintiff served in prison for the later-vacated conviction was served concurrently to his sentence for his unrelated conviction for second-degree murder. Because the time served for the concurrent sentence was not wrongful imprisonment, he is not entitled to compensation for that time under the WICA. No factual development could alter the fact that plaintiff is not entitled to compensation under MCL 691.1755(4); plaintiff cannot show entitlement to compensation under the WICA because he did not spend any time imprisoned exclusively on the charges that were later vacated. As a result, no amount of discovery could establish that plaintiff is entitled to compensation under the WICA. The Court of Claims therefore did not err by granting defendant summary disposition before discovery had concluded.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-4-